IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**$66,000.00, MORE OR LESS, etc., et al.,** )<br>)<br>**Defendants.** ) | **CIVIL ACTION 05-0398-WS-M** |

**ORDER**

This matter is before the Court on the plaintiff's "Motion for Court to Conduct on Record Teleconference with Plaintiff and Counsel for Potential Claimant Rodriguez-Hernandez." (Doc. 13). The name of counsel is Charles K. Blackmon. The plaintiff requests a teleconference in order to determine: the status of Blackmon's representation of Rodriguez-Hernandez; whether Blackmon provided a copy of process to Rodriguez-Hernandez; the current whereabouts of Rodriguez-Hernandez; and any additional notice needed to satisfy due process. (Doc. 14 at 3, 9-10). The motion assumes that there is some doubt requiring clarification as to whether Rodriguez-Hernandez has received the notice of these civil forfeiture proceedings required by due process. Because the constitutional requirements have in fact been satisfied, the Court concludes that the motion for teleconference is due to be denied as moot.

**BACKGROUND**

In January 2005, members of the Saraland Police Department seized the defendant currency from Rodriguez-Hernandez and the passenger in the vehicle Rodriguez-Hernandez was driving. The DEA instituted administrative forfeiture proceedings and served Rodriguez-Hernandez at the Greensboro, North Carolina address he provided at the time of seizure. Blackmon, stating the he "represents J. Carlos Rodriguez-Hernandez," objected to the administrative forfeiture. (Doc. 14, Exhibit 2). The United States Attorney's office then corresponded with Blackmon in an effort to resolve the dispute. (*Id*., Exhibit 3). In response, Blackmon surrendered certain financial records of Rodriguez-Hernandez and copied his client.

(*Id*., Exhibit 4).

In July 2005, the plaintiff filed the instant action.  (Doc. 1).  In July or August 2005, plaintiff's counsel verbally informed Blackmon of the filing of the complaint for civil forfeiture, and Blackmon indicated that he would meet with his client to consider making a settlement proposal.  (Doc. 14, Exhibit 5).  In August 2005, Blackmon responded, stating that "we will offer to forfeit to the government the sum of $3,300.00."  (*Id*., Exhibit 6).  Also in August, Blackmon wrote that "we will attempt to comply with your inquiry" concerning production of additional financial records from Rodriguez-Hernandez.  (*Id*., Exhibit 7).  As with previous correspondence, both letter were copied to his client.  (*Id*., Exhibits 6, 7).

In September 2005, the plaintiff served Blackmon by certified mail with the complaint and the warrant for arrest.  (Doc. 14, Exhibits 9, 10).  In October 2005, Blackmon acknowledged his receipt of these documents, advised that he had "been authorized to offer the sum of $3,000.00 as final settlement of this matter," and sought "an extension of time in which to Answer."  (*Id*., Exhibit 11).  Blackmon copied the letter to Rodriguez-Hernandez.  (*Id*.).

Meanwhile, the plaintiff attempted to notify Rodriguez-Hernandez directly.  In September 2005, the plaintiff sent the complaint and arrest warrant by certified mail, restricted delivery to the Greensboro address that Rodriguez-Hernandez had previously provided, but the mail was returned with a notation for moved, left no address.  (Hawkins Declaration at 2 & Exhibit 1).  In October 2005, plaintiff's counsel wrote Blackmon, notified him that his client had not been personally served, and asked for confirmation that Blackmon had been authorized to accept service on behalf of his client.  (Doc. 14, Exhibit 12).  Blackmon did not respond.  (Doc. 14 at 6, ¶ 12).  In November 2005, plaintiff's counsel wrote Blackmon, notified him that his client had moved without a forwarding address, and requested Blackmon to provide his client's current address.  (*Id*., Exhibit 13).  Again, Blackmon did not respond.  (Doc. 14 at 7, ¶ 14).  Also in November 2005, the postal service confirmed that Rodriguez-Hernandez had moved without leaving a forwarding address.  (Doc. 14, Exhibit 14).  The plaintiff attempted to locate Rodriguez-Hernandez through internet search services, but to no avail.  (Doc. 14 at 7, ¶ 13).

In December 2005, the plaintiff sent an agent to Greensboro to investigate the whereabouts of Rodriguez-Hernandez.  Neither his landlord, the current tenant nor a neighbor had any information about his current location.  The agent also attempted to make contact with

Rodriguez-Hernandez's brother and the owner of the vehicle he was driving when the defendant currency was seized; both residences were vacant.  (Doc. 14, Wright Affidavit at 2-3).

In January 2006, Blackmon wrote plaintiff's counsel that "I have been authorized to offer $5,000.00 to the government as a settlement of this dispatched [sic] claim."  (*Id*., Exhibit 15).  Blackmon copied the letter to Rodriguez-Hernandez.  (*Id*., Exhibits 11, 15).  Two weeks later, Blackmon filed a motion to appear pro hac vice "on behalf of $66,000.00, more or less," (Doc. 7 at 1), which motion was granted several days later.  (Doc. 8).

## DISCUSSION

> [I]ndividuals whose property interests are at stake due to government actions are entitled to notice of the proceedings and an opportunity to be heard. [citation omitted] The notice necessary to satisfy due process requires only that interested persons be given notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. [citation omitted] Reasonable notice, however, requires only that the government attempt to provide actual notice; it does not require that the government demonstrate that it was successful in providing actual notice.

*Mesa Valderrama v. United States*, 417 F.3d 1189, 1196-97 (11th Cir. 2005)(administrative forfeiture); *accord Dusenberry v. United States*, 534 U.S.161, 167-71 (2002)(same).  "The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it."  *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950).  The plaintiff "submits that its above-enumerated efforts satisfy" this standard.  (Doc. 14 at 12).  The Court agrees.

Appellate courts have routinely held that, when giving actual notice of an administrative forfeiture proceeding directly to a potential claimant is problematic because of his incarceration, actual notice to his counsel is notice complying with due process.[1]  Other courts have held or

---

[1] *E.g., Nunley v. Department of Justice*, 425 F.3d 1132, 1139 (8th Cir. 2005); *United States v. Lostia*, 12 Fed. Appx. 345, 347 (6th Cir. 2001);  *United States v. Allen*, 2000WL 1699836 at **1 (4th Cir. 2000); *Bye v. United States*, 105 F.3d 856, 857 (2nd Cir. 1997).

assumed that the same principle applies to civil judicial forfeiture proceedings.[2]  Actual notice to the attorney apparently is adequate only if the attorney then represents the potential claimant in connection with the forfeiture proceedings or, under most cases, related criminal proceedings.[3]

These principles apply here.  First, the plaintiff attempted to provide actual notice to Rodriguez-Hernandez at the very address he had given, but could not do so because he had moved without leaving a forwarding address.  Second, the plaintiff took multiple steps to obtain Rodriguez-Hernandez's current address, including inquiries to his lawyer and the postal service, internet searches, and even an on-site investigation complete with interviews and efforts to find others who might have information.[4]  Third, Blackmon by his own correspondence admitted that he at all times represented Rodriguez-Hernandez in connection with both the administrative and judicial forfeiture proceedings, and his practice of copying his client on correspondence demonstrates his ability to communicate with him, including for the purpose of providing actual notice of these proceedings.  Whether Blackmon has in fact informed his client that this action has been instituted is immaterial, because due process does not require actual notice to the interested party; what matters is that the plaintiff has provided notice reasonably calculated under all the circumstances to so apprise the interested party.  Any failure of Blackmon to forward this notice to his client may provide grist for a legal malpractice action, but it does not affect the constitutional efficacy of the notice provided by the plaintiff.[5]

Because, as a matter of fact and law, Rodriguez-Hernandez has received all the process

---

[2] *See United States v. Real Property*, 135 F.3d 1312, 1315-16 (9th Cir. 1998); *United States v. 51 Pieces of Real Property*, 17 F.3d 1306, 1317 (10th Cir. 1994).

[3] *E.g., id.*; *United States v.* Burks, 49 Fed. Appx. at 575-76; *cf. United States v. $184,505.01*, 72 F.3d 1160, 1164 (3rd Cir. 1995)(ongoing representation in related criminal proceedings insufficient; attorney must represent client in connection with forfeiture).

[4] These steps are at least as heroic as those held sufficient in *Cuvillier v. United States*, 390 F.3d 1336, 1339 (11th Cir. 2004).

[5] It is of course highly unlikely that Blackmon has not shared with his client the notice he received from the plaintiff.  Blackmon not only copied his client on a letter acknowledging the filing of the action but thereafter continued to negotiate a settlement on his client's behalf and even entered an unorthodox appearance on behalf of the defendant currency his client claims to own.

he is due, the purposes for which the plaintiff seeks a teleconference have been accomplished or rendered unnecessary. Accordingly, the plaintiff's motion for a teleconference is **denied as moot**.

Also pending is the plaintiff's motion for order of publication. (Doc. 12). The plaintiff has requested the Court to postpone ruling on this motion "until after the teleconference requested in this motion." (Doc. 13, ¶ 4). As there will be no teleconference, the plaintiff is **ordered**, on or before **March 28, 2006**, to file and serve a statement whether it withdraws its motion for publication or whether it wishes to proceed with the motion, either to comply with 19 U.S.C. § 1607 and/or Supplemental Admiralty Rule C(4), or for any other reason.

DONE and ORDERED this 21st day of March, 2006.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE