IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 05-0398-WS-M |
| | ) |
| **$66,000.00, MORE OR LESS, etc., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This matter is before the Court on the plaintiff's "Request to Clerk for Entry of Default Against Potential Claimant Rodriguez-Hernandez" pursuant to Federal Rule of Civil Procedure 55(a). (Doc. 18). The plaintiff notes the Court's ruling that the plaintiff has satisfied the constitutional demands of due process in its unsuccessful efforts to provide Rodriguez-Hernandez actual notice, including its provision of actual notice to Rodriguez-Hernandez's attorney. (Doc. 15). Supplemental Admiralty Rule C(6)(a)(i)(A), however, allows a potential claimant 30 days from "the date of service of the Government's complaint" in which to file a verified statement of interest, and the plaintiff has not shown that giving a copy of the complaint to counsel constitutes "service of the Government's complaint" within the contemplation of Rule C(6).[1] Moreover, Rule 55(a) allows entry of default as to "a party against whom a judgment for affirmative relief is sought," and the plaintiff has not shown that a potential claimant to seized property is either a "party" or one "against whom affirmative relief is sought." Accordingly, the plaintiff's request for entry of default, construed as a motion for entry of default, is **denied without prejudice**.

DONE and ORDERED this 27th day of March, 2006.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that Rodriguez-Hernandez's counsel declined to confirm that he had been authorized to accept service on behalf of his client. (Doc. 14 at 6, ¶ 12).