**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 05-0398-WS-M** |
| | ) | |
| **$66,000.00, MORE OR LESS, etc., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

This matter is before the Court on the plaintiff's motion to reconsider request for entry of default.  (Doc. 25).  Default is sought against potential claimant Rodriguez-Hernandez ("the claimant") pursuant to Federal Rule of Civil Procedure 55(a) for his failure to serve a verified statement of interest pursuant to Supplemental Admiralty Rule C(6)(a).  (Doc. 18).  The Court denied the plaintiff's previous effort in this regard for two reasons: (1) the plaintiff's failure to address whether the claimant had received "service of the Government's complaint" so as to start Rule C(6)(a)'s clock; and (2) its failure to address whether Rule 55(a) applies to civil forfeiture actions.  (Doc. 20).

As set forth in a prior order, the claimant was represented by North Carolina counsel in the administrative proceedings; the plaintiff sent counsel the complaint and warrant for arrest in this action, which counsel received; and counsel thereafter represented the claimant's interests in this lawsuit.  (Doc. 15).  The plaintiff cites three cases in which process in civil forfeiture proceedings was served on the claimant's counsel rather than on the claimant directly.  (Doc. 25 at 2).  In none of these cases, however, did the claimant challenge the propriety of service.  Thus, none stands for the proposition that service on counsel automatically satisfies Rule C(6)(a).  On the contrary, binding precedent holds that "service of process is not effectual on an attorney solely by reason of his capacity as attorney."  *Ransom v. Brennan*, 437 F.2d 513, 518 (5th Cir. 1971).

The plaintiff next quotes from the Court's prior order concerning the degree of contact counsel has had with both the administrative and judicial proceedings and asks the Court to

conclude from these facts that counsel "had full authority to act on [the claimant's] behalf in all matters pertaining to this judicial forfeiture action," presumably including acceptance of service of process.  (Doc. 25 at 3-4).  The plaintiff provides, and the Court is aware of, no authority for the proposition that representation of a client before and after litigation is commenced, standing alone, constitutes an attorney an authorized agent for the service of process.[1]  On the contrary, "[w]hen the agent is the individual's attorney, numerous courts have held that the validity of service of process upon the attorney depends upon actual authority on the part of the attorney to receive process on behalf of the individual."  *United States v. $184,505.01 In U.S. Currency*, 72 F.3d 1160, 1164 n.10 (3rd Cir. 1995).  Thus, for example, service of process on a civil forfeiture claimant's criminal counsel fails without a further showing that "[the claimant's] criminal defense attorney was authorized to accept service for him in the civil forfeiture action."  *United States v. 51 Pieces of Real Property*, 17 F.3d 1306, 1313 (10th Cir. 1994); *see also Bigam v. Bigam*, 812 So. 2d 1216, 1217 (Ala. Civ. App. 2001)(wife's attorney was not agent for service of process of husband's divorce complaint even though she was then representing the wife in the wife's earlier-filed divorce action); *Beck v. Beck*, 306 S.E.2d 580, 583 (N.C. App. 1983)("An attorney who generally handles the legal affairs for an individual is not an agent of that person for the service of process *unless* he makes an appearance in the law suit for him.")(emphasis in original).

Finally, the plaintiff suggests that the time periods of Rule C(6)(a) should run from the date of entry of the Court's prior order concluding that the plaintiff's attempts at service of process satisfied the dictates of due process.  (Doc. 25 at 5).  Rule C(6)(a), however, specifies the potential triggers of a claimant's responsibility to file a verified statement of interest, and satisfaction of due process is not one of them.  The plaintiff has cited no authority in support of its argument, and the Court will not attempt to supply the deficiency.

For the reasons set forth above, the plaintiff's motion for reconsideration is **denied**,

---

[1]The reach of such a rule would be breathtaking.  Any lawyer representing her client before the EEOC, the Internal Revenue Service, the Department of Labor, or any other of the myriad administrative agencies in this country would be automatically constituted an agent for service of process in judicial proceedings growing out of the administrative proceedings, at least if she thereafter served as counsel in the judicial proceeding.

without prejudice to the plaintiff's ability to seek entry of default once service by publication is completed on or about June 2, 2006.  (Doc. 21).

DONE and ORDERED this 22nd day of May, 2006.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE