IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 05-0398-WS-M |
| | ) | |
| **$66,000.00, MORE OR LESS, etc., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

This matter is before the Court on the plaintiff's motion for entry of default. (Doc. 28). The plaintiff seeks entry of default pursuant to Federal Rule of Civil Procedure 55(a) against J. Carlos Rodriguez-Hernandez as well as all other potential claimants to the defendant currency.

All potential claimants were served by publication, which was completed on May 3, 2006. (Doc. 27). Pursuant to Supplemental Admiralty Rule C(6)(a), and as stated in the published notice, all potential claimants had until June 2, 2006 within which to file a verified statement of interest. As of this date, no potential claimant has filed a verified statement of interest or otherwise appeared in this action.

"When a party ... has failed to plead or otherwise defend ..., the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). In a previous order, the Court questioned whether a potential claimant that has not filed a verified statement of interest or answer or otherwise appeared in the action constitutes a "party" for purposes of Rule 55. (Doc. 20). The plaintiff has been unable to identify any authority addressing this question and answering it in the affirmative. (Doc. 25 at 5-7). The Court's independent research has been equally fruitless, but it has identified two circuits strongly indicating a negative answer. *See United States v. Real Property*, 135 F.3d 1312, 1314, 1317 (9th Cir. 1998)("Patel's failure to comply with the requirements of Supplemental Rule C(6) [i.e., his failure to "respond in any way to the complaint"] precludes him from establishing standing as a party to the forfeiture action."); *United States v. 8136 South Dobson Street*, 125 F.3d 1076, 1082 (7th Cir. 1997)("Absent the claim [the predecessor of a verified statement of interest], the putative claimant is not a party to the action."). While both of these cases were decided in the context of a Rule 60(b) challenge to a default judgment entered

against a potential claimant and not under Rule 55 directly,[1] it is unclear how a potential claimant who fails to file a verified statement or answer could be a "party" under Rule 55 yet simultaneously not be a "party" under Rule 60(b).

The plaintiff's position is that, despite its inability to locate or articulate a rationale for doing so, the Court should employ Rule 55 because other courts have done so in similar circumstances.  (Doc. 25 at 6-7).  It appears that the majority of courts of appeal — without noting or considering the question posed by the Court — have affirmed grants of default judgment in forfeiture actions against a potential claimant that made no appearance in the forfeiture action prior to entry of default judgment.[2]  In reliance on this ambiguous precedent, the Court will allow entry of default in this case.[3]

For the reasons set forth above, the motion for entry of default is **granted**.  The Clerk is directed to enter default against J. Carlos Rodriguez-Hernandez specifically and against all other potential claimants generally.

DONE and ORDERED this 19th day of June, 2006.

s/ WILLIAM H. STEELE<br>UNITED STATES DISTRICT JUDGE

---

[1] Relief under Rule 60(b) is limited to "a party or a party's legal representative."

[2] *See Tolliver v. United States*, 9 Fed. Appx. 292 (6th Cir. 2001); *Whiting v. United States*, 231 F.3d 70 (1st Cir. 2000); *United States v. $310,659.56 in U.S. Currency*, 1997 WL 437395 (10th Cir. 1997); *United States v. One Parcel of Property*, 51 F.3d 118, 120 (8th Cir. 1995); *United States v. 6611 South Ingleside*, 1995 WL 687658 (7th Cir. 1995); *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192 (3rd Cir. 1984); *United States v. $22,640 in United States Currency*, 615 F.2d 356 (5th Cir. 1980); *cf. United States v. Ragin*, 1997 WL 268576 (4th Cir. 1997)(default entered before claimant filed his claim, default judgment entered after).

[3] While default may hasten the conclusion of a forfeiture action when a claimant has appeared but failed to comply with Rule C(6), it is difficult to see the procedure's advantage in cases such as this.  Because the time for filing verified statements has expired with none filed, the plaintiff presumably could seek entry of a final judgment of forfeiture.  Because — as discussed in prior orders, (Doc. 15, 26) — the notice requirements of due process have been satisfied and the statutory notice requirements fulfilled, it is difficult to discern on what grounds potential claimants could seek to set aside such a judgment.  Indeed, as noted in text, they presumably are not parties capable of pursuing a Rule 60(b) motion to begin with.